W. B. OWENS AND WIFE v. SAM'L PEARCE, EX'R, et al.

WILL. *Construction.* A testator devised his estate to his children, directing that they should be reared and educated out of the general fund arising from the profits thereof; that the executor should lease the lands, giving preference to such legatees as were able to properly cultivate them, funding net proceeds, and should divide the estate when . the youngest child should become of age. *Held,* that an older child was not entitled, without alleging fraud, to an account with the executor, nor to a distribution of the estate in whole or in part, till the youngest child became of age.

FROM SULLIVAN.

Appeal from the Chancery Court at Blountville. H. C. SMITH, Ch.

W. V. DEADERICK, C. J. ST. JOHN and N. M. TAYLOR for complainants.

C.. R. VANCE, THOS. CURTIN and H. H. INGERSOLL for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Elizabeth Owens is one of the children of John and Barilla Roller, who are both dead.

Barilla, who died a year or two before the death of her husband, owned in her own right a tract of land, of about 120 acres, in Long Island, Sullivan county, and another tract on the south side of Holston river, of — acres. At her death she left seven

minor children, one of whom died after her mother's death, unmarried, intestate and without issue, leaving the inheritance of what is known in the record as the "Barilla tract" to the six surviving children as tenants in common.

John Roller, at the time of his death, was the owner of several tracts of land, one of which was adjacent to the Barilla tract. John Roller, a short time before his death, made his last will and testament, of which he appointed his brother-in-law, Sam'l Pearce, one of the defendants, executor. The testator directs that all his personal property be sold at public or private sale, also a lot in Kingsport, and that the expenses of educating, clothing and raising his children shall be borne by his estate "in common." He then directs that his lands be rented out by his executor, giving his children preference when they are capable of farming the land, the proceeds, after paying his debts, to be funded for the benefit of his estate, except what may be needed to keep up fences and ditches, and to remove certain buildings mentioned. Then, after some directions as to certain lawsuits in which he was a party, he directs that, when his children have all arrived at the age of twenty-one years, his entire estate remaining shall be equally divided amongst them.

The testator died in February, 1868, and the executor, Pearce, took immediate possession of not only the real and personal estate of said testator, but he also took possession and control of the "Barilla tract," all the heirs being then under the age of twenty-one

years, and living with said executor at his house when said John Roller died. One of said children, complainant Elizabeth, against the wishes of said executor, in 1872, being then about eighteen years old, left his house and intermarried with complainant Wm. B., and they file this bill, seeking to hold the executor to an account for the rents and profits of the Barilla tract, and to have said Elizabeth's share of the same set apart to her, and also to have an account of the rents and profits of the lands devised by said John Roller. To this bill the executor and the heirs at law of John and Barilla Roller are made parties.

The minors have answered by their guardian *ad litem,* one of the sons, William, and complainant Elizabeth being of age at the time of the filing of the bill. William not having answered, judgment *pro confesso* was entered against him.

Pearce, the executor, answered the bill, setting out the embarrassed condition of the estate, and the mode in which he had conducted the administration thereof.

Numerous depositions were taken as to the practicability of partitioning the Barilla tract, the value of the rents thereof, and the compensation allowable to the executor for renting, managing and taking care of it; also, as to allowances to him for services as executor, and other incidental questions, which it is not necessary specially to consider at this time. A report was ordered, to ascertain if the Barilla tract could be partitioned, and what was its annual rental value; also, as to the administration of John Roller's estate.

The master made his report, and numerous exceptions thereto were filed by complainants.

The master reported that it was impracticable to partition the Barilla tract of land without sale of it; but, upon exception by complainant, the chancellor sustained said exception and ordered the partition of said land, appointing commissioners for this purpose. He also sustained exception to an allowance to Pearce for managing said tract of land, amounting for ten years to $600, and held him liable to account annually for $150 as rent, allowing him credits for disbursements for repairing ditches and paying taxes thereon—holding that defendant Pearce had no right to take control of said Barilla tract, and was entitled to no compensation for the renting and receiving rents and managing the same. The report as to the executor's compensation and allowance for boarding, etc., the minors, and as to his accounts as executor, was recommitted for a further report. The chancellor then construes the fourth and fifth clauses of the will to mean, that they should not only be cared for and enjoy his property while being reared and educated, but that this enjoyment should continue thereafter, and that complainant Elizabeth is entitled to receive from the executor a reasonable allowance out of the proceeds of her father's estate and lands in proportion to what the other children are receiving annually.

From this decree defendant Pearce, executor, alone appealed.

The decree of the chancellor in respect to the partition of the Barilla tract of land must be affirmed.

30—VOL. 5.

It was correctly held by him that the executor of John Roller, deceased, had no authority to take possession and assume control of that tract of land, and that he was liable to said heirs at law for the annual value of the rents, fixed by the master's report at $150. He has no interest in the question as to the partition of the land, the decree not in any way affecting him, and cannot have it reviewed here.

The rulings of the chancellor upon complainants' exceptions will also be affirmed. The complainants have not appealed from said rulings in overruling part of said exceptions, and such rulings are therefore conclusive against them.

We differ, however, from the chancellor in his construction of the fourth and fifth clauses of the will. The fourth clause is in these words: "That the expense of educating, clothing and raising my children be attached to my estate in common." This, we think, means that these expenses shall be paid out of his estate as to all his children during their minority. The fifth clause directs that my "lands be rented at the discretion of my executor, for the best interest of my estate, giving my children preference when capable of managing and farming the land. The proceeds, after paying my debts, are to be funded for the benefit of my estate, except that my executor, out of the rents, may keep up the fences and ditches, and remove the barn and house out of the island to the south side of the river, and have them put up in good condition for me." Then follows the provision in the seventh clause, that when his "children have

all arrived at twenty-one years of age, then my entire estate remaining shall be equally divided among all my children."

From these clauses, we think the will of testator means, that after paying debts, educating and maintaining the children, the residue of his estate, except what was required to keep up fences and ditches and remove and rebuild the house and barn, should be "*funded*"—not advanced to his children, but preserved and kept by his executor until the youngest child should arrive at the age of twenty-one years, and then distributed and divided amongst all equally.

Some are yet minors, and it is the duty of the executor, as directed in the will, to give the preference in renting to his children when they are capable of farming and managing the land. But he cannot be called upon to make division of the land or rents or funds accumulated, if any, until the youngest child comes of age.

The chancellor's decree, therefore, holding otherwise wi'l be reversed, but in all other respects it will be affirmed.

In view of this construction of the will, unless some ground appears for apprehension of maladministration or loss to the estate, of which we have discovered no evidences in the present state of the record, it might not be of any practical utility further to prosecute the investigation into the executor's accounts at this time, unless it be desired to ascertain the present condition of the estate and how the executor's account stands, as no decree can now be rendered in

favor of the devisees for their shares of the land or for the rents thereof.

Two-thirds of the costs of this cause in this court will be paid by Sam'l Pearce, executor, out of any funds in his hands belonging to said estate, and one-third by him individually.

The cause will be remanded.